# Board of Council of City of Danville et al. v. Danville & Boyle County Hospital Ass'n.

Jan. 13, 1939.

HENRY JACKSON and NELSON D. RODES for appellants.

CHENAULT HUGUELY for appellee.

Opinion of the Court by Judge Stites—Reversing.

The Danville and Boyle County Hospital Association is alleged to be a private charitable, non-stock corporation, organized for the purpose of operating a hospital in Danville, Kentucky. It is asserted that its articles of incorporation provide that the management of the business of the corporation shall be vested in a self-perpetuating board of nine trustees. It is recited in briefs, though it does not appear in the record so far as we can discover, that the charity was launched by gifts from citizens of Boyle County and its assets were materially increased by a bequest of $100,000 in 1934 and a bequest of $25,000 in 1936. None of the instruments under which the alleged trust exists is in the record.

The Hospital Association brought this suit against the Board of Council of the City of Danville. It is alleged that the Hospital Association is about to transfer "all of its assets" to the defendant city. The city, in turn, has applied to the Federal Emergency Administration of Public Works for a grant of something over $100,000 to be used, together with the assets of the Hospital Association in the construction of a new "public" hospital. It is further alleged that, under the proposed arrangement, the new hospital will be owned, controlled and managed by a board of eleven trustees, two of whom shall be elected by the Board of Council and the re-

maining nine shall be self-perpetuating as now provided for the Hospital Association. It is also proposed that the Hospital Association "will forever save said City free and harmless from any claim of negligence or neglect of duty in the operation of said Hospital." How the association intends effectually to indemnify anyone when "all of its assets" are transferred to the city does not appear. It is asserted that an actual controversy exists between the Hospital Association and the city, although we have had some difficulty in putting our fingers on it.

The trial court adjudged that "the conveyance" of the assets of the Hospital Association to the city was valid. The acceptance of the "proposed conveyance" would entail no financial burden on the city and the acceptance of the conveyance subject to the conditions regarding the management of the property would not constitute a delegation of authority. It was further adjudged that the city would not be liable for any negligence in the operation of the hospital and no financial obligation would rest on the city unless it "might in the future appropriate tax funds for that purpose." The court overruled a demurrer to the petition and sustained a demurrer to the answer.

Following the entry of the judgment, four of the trustees of the Hospital Association filed an intervening petition asking to be made parties defendant and asserting that the proposed scheme is invalid and a violation of the trust imposed upon them as well as the other trustees of the hospital. They asked that the judgment be set aside and that the court determine that the proposed plan was invalid.

The court sustained a demurrer to the intervening petition as amended and proceeded to declare the rights of the trustees in the premises although nothing appears in the record from which we have been able to ascertain the extent of the power given to the trustees. The intervening petition was not dismissed, but the four trustees have come here with the city anyway.

So far as the rights of the appellant city are concerned, we can see no objection to the acceptance by it of a gift of all of the assets of the Hospital Association. However, we are asked to go further and to adjudge the rights and liabilities of the parties in the management

of the proposed hospital. Also we are asked to determine the powers of the trustees to make the conveyance to the city and to abdicate their functions as a board of nine members in favor of a board of eleven members. Manifestly, we cannot make a declaration of rights concerning these matters with any degree of certainty on the record here presented.

As already pointed out above, if the Hospital Association is to convey "all of its assets" to the city there will be no endowment for the operation of the institution and if it is to be continued then it must either be self-supporting or rely upon taxes to meet any deficit. Whether the scheme of management proposed would be valid if the city must use public funds in its operation may well be doubted. Compare, Booth v. City of Owensboro, 274 Ky. 325, 118 S. W. (2d) 684. Certainly, there is not enough in this record to enable us to determine this question.

Similarly, we cannot determine the powers of the trustees of the Hospital Association without seeing the instrument or instruments from which their powers are derived. By section 639a—6 of the Civil Code of Practice we are authorized to consider errors not "alleged or apparent in the record" in a declaratory judgment proceeding, and when in our opinion further pleadings or proof are necessary to a decision we may remand the case for this purpose. Plainly, a determination of the questions involved cannot safely be reached without seeing the contract which the parties have made and the powers given to the appellee association either by its articles of incorporation or the wills or other documents under which it holds funds that it proposes to give away. We can grant no absolution without a full confession.

Judgment reversed for proceedings consistent with this opinion.